68 F.3d 476
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James M. SUTTER, Defendant-Appellant.
 No. 94-4329.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 Before: LIVELY, RYAN and SILER, Circuit Judges.
 
 ORDER
 
 1
 James M. Sutter, a federal prisoner, appeals a district court judgment imposed following his guilty plea to one count of fraudulent use of credit cards in violation of 18 U.S.C. Sec. 1029(a)(2). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Sutter pleaded guilty to the count described above pursuant to a plea agreement prepared under Fed.R.Crim.P. 11. In return, the government agreed to dismiss two additional counts charging him with making a material false statement. Additionally, the parties stipulated to an adjusted offense level of 9, which included a two-level decrease for acceptance of responsibility. The district court sentenced Sutter on December 5, 1994, to three months in prison, two years of supervised release, and restitution. The sentence of incarceration is half the minimum called for in the applicable guideline range of 6 to 12 months. Judgment was entered on December 8, 1994. In an order filed on March 10, 1995, the district court granted Sutter's motion for release pending this appeal.
 
 
 3
 On appeal, Sutter argues that the district court denied him his right of allocution by refusing him the opportunity to present relevant information in mitigation of his sentence.
 
 
 4
 Upon review, we affirm the district court's judgment because the district court did not deny Sutter his right of allocution. As Sutter correctly notes in his appellate brief, the Supreme Court has determined that Rule 32 "explicitly affords the defendant two rights: 'to make a statement in his own behalf,' and 'to present any information in mitigation of punishment.' " Green v. United States, 365 U.S. 301, 304 (1961). Sutter does not dispute that he was given ample opportunity to speak in his own behalf prior to sentencing. Instead, he asserts that he was not given the opportunity to present verified medical reports in support of his argument for mitigation. However, the Supreme Court went on to hold that both of the Rule 32 rights cited above are satisfied where the trial judge issues the defendant "a personal invitation to speak prior to sentencing." Id. at 305; United States v. Sammons, 918 F.2d 592, 604 (6th Cir.1990). Thus, there was no error.
 
 
 5
 We further note that the district court did have ample unverified evidence of Sutter's many health problems to consider at sentencing. Moreover, Sutter created his own credibility problem by submitting to the district court a forged medical report which formed the basis of counts two and three of the superseding indictment and resulted in a two-level enhancement in offense level for obstruction of justice. In any event, the district court clearly considered Sutter's medical condition in imposing its sentence.
 
 
 6
 Accordingly, the district court's judgment, entered on December 8, 1994, is affirmed.